UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, a New York corporation;<br><br>      Plaintiff,<br><br>vs.<br><br>MITCHELL CONSTRUCTION SERVICES LLC., an Oregon limited liability company; and WESTTOWN ON 8TH LLC, an Oregon limited liability company; and PREFERRED CONTRACTORS INSURANCE COMPANY, RRG;<br><br>      Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## I.    PARTIES

1.      Plaintiff Navigators Insurance Company, (hereinafter "Navigators"), is an insurance company organized under the laws of the State of Delaware with a statutory home office in Connecticut and a place of business located in the State of New York.

2.      Mitchell Construction Services, LLC. (hereinafter "Mitchell") is an Oregon limited liability company with its principal place of business located in the State of Oregon. On information and belief, all members of Mitchell are citizens of the State of Oregon.

COMPLAINT FOR DECLARATORY RELIEF - 1

3.      Westtown on 8th, LLC (hereinafter "Westtown") is an Oregon limited liability company with its principal place of business located in the State of Oregon.  On information and belief, all members of Westtown are citizens of the State of Oregon.

4.      Preferred Contractors Insurance Company, RRG., is a Montana Corporation organized under the laws of Montana with a statutory home office in Billings, Montana and a place of business in Billings, Montana.

## II.     JURISDICTION AND VENUE

5.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

6.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves Westtown's claims for insurance coverage stemming from an alleged loss occurring in Lane County, Oregon, and a lawsuit filed in Lane County, Oregon.

## III.     FACTS

A.     **The Underlying Lawsuit.**

7.      Navigators reasserts paragraphs 1-6 as fully set forth herein.

8.      The Westtown apartment complex is located at 265 W. 8th Avenue Eugene, Oregon.

9.      Construction for the Westtown apartment complex was completed in 2007. (hereinafter the "Subject Project").

10.     Roberts Construction served as the original General Contractor.

11.     Mitchell originally served as Roberts Construction's project manager.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

12.     Roberts Construction concluded their involvement in the Subject Project following the completion of the exterior of the building.

13.     Mitchell began serving as the General Contractor on the Subject Project following the departure of Roberts Construction.

14.     On June 13, 2018, Westtown filed suit against Roberts Construction and Mitchell in the matter entitled *Westtown on 8th, LLC v. Roberts Professional Construction Services Inc., et al.,* Circuit Court of the State of Oregon for the County of Lane, Case No. 18CV24558. (hereinafter the "Underlying Lawsuit"). An amended complaint was filed on August 8, 2018. A second amended complaint was filed on March 7, 2019.

15.     Westtown alleges that significant construction defects were discovered, resulting in property damage.

16.     Westtown further alleges these defects have caused and continue to cause ongoing property damage.

17.     Westtown further alleges that the damage was the result of faulty workmanship, inadequate supervision, improper coordination, improper repairs, improper or defective materials, failure to properly inspect the project at final walkthrough or completion, improper design, and/or noncompliance with applicable building codes, including the Oregon Residential Specialty Code ("Oregon Building Code"), industry standards, or manufacturer specifications and guidelines.

18.     Westtown alleges that the deficiencies in the construction resulted in defects in the fiber cement siding, metal flashing, water restraint barrier and flexible flashing, window installation, decks, mechanical through wall vents, brick and the CMU walls.

COMPLAINT FOR DECLARATORY RELIEF - 3

19.     Westtown further alleges that the Subject Project contains serious and substantial construction defects including faulty workmanship and improper installation or noncompliance with applicable building codes, industry standards, or manufacturer specifications and guidelines in the installation of the weather envelope and other components of the Subject Project.

20.     Westtown alleges that the defects have resulted in extensive water intrusion and property damage to sheathing, framing, trim, water-resistant barrier and fasteners.

21.     The Underlying Lawsuit alleges causes of action against all named defendants for negligence and negligence *per se*, and against Roberts Construction and Mitchell for negligence, negligence per se and breach of contract.

**C.      The Policies Issued by Navigators to Mitchell.**

22.     Navigators issued a commercial general liability insurance policy, policy no. 36-10079210, effective March 13, 2009 to March 13, 2010, to Mitchell (hereinafter the "2009-2010 Policy").

23.     Navigators is aware of two other general liability insurance policies issued by Preferred Contractors Insurance Company, RRG (hereinafter "Preferred Contractors") to Mitchell, with effective dates of February 13, 2008 to February 13, 2009 and February 13, 2009 to February 13, 2010.

24.     Mitchell is the Named Insured on the Navigators Policy.

25.     The Navigators Policy provides coverage up to limits of $1,000,000 per occurrence; a $2,000,000 Products/Completed Operations Aggregate and a Per Claim Bodily Injury Liability and/or Property Damage Liability Combined Detectable of $1,000.

26.     The Navigators Policy contains the following insuring agreement:

COMPLAINT FOR DECLARATORY RELIEF - **4**

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claims or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** and **B**.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is an Insured or any "employee" authorized by you to give or received notice of an "occurrence" or claim, includes any

COMPLAINT FOR DECLARATORY RELIEF **- 5**

continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** Of Section **II** – who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage", or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

27. The Navigators Policy contains the following exclusions:

**2.** **Exclusions**

This insurance does not apply to:

…

**b.** **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

COMPLAINT FOR DECLARATORY RELIEF **- 6**

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that  party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**j. Damage to Property**

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage to Premises Rented to You as described in Section **III** – Limits Of Insurance.
Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, renter or held for rental by you.
Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a side-track agreement.
Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k.    Damage to Your Product**

COMPLAINT FOR DECLARATORY RELIEF - **7**

"Property damage" to "your product" arising out of it or any part of it.

**i.      Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.      Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.      Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";
       If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

28.    The Navigators Policy provide the following definitions:

**SECTION V – DEFINIITIONS**

…

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product' or "your work", or

   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract",

   …

   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      (a) Preparing, approving, or failing to prepare or approve, maps, shops drawings opinions, reports, surveys, field orders, change orders or drawings and specifications; or

      (b) Giving directions or instruction, or failing to give them, if that is the primary cause of the injury or damage; or

   (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

      …

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**16.** "Products-completed operations hazard".

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or \
**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does no include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.
As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

21. "Your Product".

**a.**   Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name; or

(c) A person or organization whose business or assets you have acquired; and

(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**   Includes

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and

(2) The providing of or failure to provide warnings or instructions.

**c.**   Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work".

**a.**   Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and

(2) The providing of or failure to provide warnings or instructions.

29.     The Navigators Policy contains the following Endorsement regarding Continuous and Progressive Injury and Damage:

## CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

Insuring agreement under **SECTION 1.,** Coverage **A**., paragraph **b(3)**, paragraph **c**., and paragraph **d., (1), (2), (3)** are replaced by the following:

This insurance does not apply to any damages because of or related to "bodily injury", "property damage", or "personal and advertising injury:"

COMPLAINT FOR DECLARATORY RELIEF - 11

**c.**

**(1)** which first existed, or alleged to have first existed, prior to the inception of this Policy; or

**(2)** which are, or are alleged to be, in the process of taking place prior to the inception date of the Policy, even if the actual or alleged "bodily injury", "property damage", or "personal and advertising injury" continues during the policy period; or

**(3)** which were caused, or are alleged to have been caused, by the same condition which resulted in "bodily injury", "property damage", or "personal and advertising injury" which first existed prior to the inception date of this Policy.

We shall have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage", or "personal and advertising injury" to which this endorsement applies.

30.    The Navigators Policy contains the following Endorsement regarding Designated

Work:

### EXCLUSION – DESIGNATED WORK

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILTY COVERAGE PART

### SCHEDULE

**Description of your work:**

- Construction management for a fee;

(if no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

COMPLAINT FOR DECLARATORY RELIEF **- 12**

31.    The Navigators Policy contains the following Endorsement regarding Independent

Contractors:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**INDEPENDENT CONTRACTORS**

The insured hereby represents and warrants that:

1.  Commercial general liability insurance coverage for "bodily injury" and "property damage" will be required for all contractors and sub-contractors performing work or operations on behalf of any insured; and the insured shall obtain certificates of insurance from all contactors and sub-contractors performing work or operation on behalf of any insured. Such insurance will be in effect during the duration of the time work is being performed on behalf on any insured, and that

2.  The insured will be named as an "additional insured" on the required coverages described in Item 1. above and that

3.  The minimum limits and coverages thus required of all contractors and sub-contractors performing work or operation on behalf on any insured shall be:

| REQUIRED LIMIT FORM | COMMERCIAL GENERAL LIABILTY |
|---|---|
| $1,000,000 | General Aggregate |
| $1,000,000 | Products/CompletedOperations Aggregate |
| $1,000,000 | Each Occurrence; |

4.  Any coverage that might otherwise exist under the policy for claims against any insured based on work done for or on behalf of any insured by a contractors or subcontractor is expressly excess over, and will not contribute with, the insurance required under this endorsement. No duty to defend or indemnify any insured under this policy for any claims that are or should be covered under the policies required of contractors and subcontractors under this endorsement will exist absent exhaustion of all such contractors' and subcontractors' policies.

The insured understands that this insurance policy has been issued upon these representations and warranties.

32.    The Navigators Policy contains the following Endorsement regarding engineers,

architects and surveyor's professional liability:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

COMPLAINT FOR DECLARATORY RELIEF - **13**

**EXLCUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFFESIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABNILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional Services:
**1.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field order, change orders or drawings and specifications; and
**2.** Supervisory, inspection, architectural or engineering activities.

33.      The Navigators Policy contains the following Endorsement regarding Designated Work:

**DESIGNATED WORK EXCLUSION – E.I.F.S.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to "bodily injury", "property damage" , or "personal advertising injury" as respects the following:

1. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement, of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking's or sealants in connection with such a system.

2. Any work or operations with respect to any exterior component, fixture or feature of any structure if any "exterior insulation and finish system" is used on any part of that structure.
For the purposes of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of:

1. A rigid or semi-rigid insulation board made of expanded polystyrene or other materials, and

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

2. The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate, and
3. A reinforced base coat, and
4. A finish coast providing surface texture and color.

….

34.     The Navigators Policy contains the following Endorsement regarding prior completed or abandoned work:

**EXCLUSION – PRIOR COMPLETED OR ABANDONED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTY COVERAGE PART

SCHEDULE

Date:
(if no entry appears above, the Date will be the inception date of the policy to which this endorsement is made part of)

A. This insurance does not apply and the Company shall have no duty to defend any claim or "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" arising out of "your work":

1. completed prior to the date shown in the schedule of this endorsement; or
2. abandoned by the insured prior to the date shown in the schedule of this endorsement.

B. Paragraph 16.a.(2)(c) of SECTION V – DEFINITIONS is deleted in its entirety and replaced by the following:

When part of the work done at a job site has been put to its intended use by any person or organization.

C. As used in this endorsement "abandoned" means: the failure to provide labor, materials or services for a period of ninety (90) days; despite the work set forth in the controlling construction project not being deemed complete by the Owner.

…

35.     The Navigators Policy contains the following Endorsement regarding mold:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – MOLD**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

This insurance does not apply to:

1.  "Bodily injury", "property damage", or "personal and advertising injury" arising out of, resulting from, or caused or contributed to by any fungus, mildew or mold or exposure to any fungus, mildew, or mold; or

2.  The costs of abatement, mitigation, removal or disposal of any fungus, mildew or mold.

This exclusion also applies to:

1.  Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

2.  Any obligation to share damages with or repay someone else who must pay Damages because of such injury or damage, either in equity or in tort.

3.  The duty to defend or pay sums which may be owned under the Supplementary Payments provisions of the policy.

    36.    The Navigators Policy contains the following Endorsement regarding other insurance:

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**
**AMENDMENT TO OTHER INSURANCE CONDITION**

This endorsement modifies insurance provided under the following:
COMMCERIAL GENERAL LIABILITY COVERAGE PART

Condition 4.  Other insurance of SECTION IV – COMMERCIAL GENERAL LIABILTY CONDITIONS is deleted in its entirety and is replaced by the following:

4.  Other Insurance

    a.  Primary Insurance

This insurance is primary except when b. below applies.

    b.  Excess Insurance

This insurance is excess over any other insurance, whether primary, excess contingent or on any other basis:

(1)  That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for your work;

(2)  That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

COMPLAINT FOR DECLARATORY RELIEF - 16

(3) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owners.

(4) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to exclusion g. of Section I – Coverage A – Bodily Injury and Property Damage Liability; or

(5) That is valid and collectible insurance available to you under any other policy.

When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's right against all those other insurers.

When this insurance is excess over other insurance, we will pay only the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all other insurance.

If a loss occurs involving two or more policies, each of which states that its insurance will be excess, then our policy will contribute on a pro rata basis.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

…

37.    The Navigators Policy contains the following Endorsement regarding Designated Work:

**THIS ENDORESMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GERNERAL LIABILTY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work:**

-   The Navigators Policy contains the following Endorsement regarding Designated Work:

-   Construction management for a fee.
-   New construction of a dwelling and work within, or on, the premises of a dwelling prior to certificate of occupancy of the owner, regardless of whether the dwelling is a custom home of the dwelling is built as part of a tract or a multi-dwelling development;

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

38.    Navigators reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to Westtown's claims and the claims asserted in the Underlying Lawsuit.

39.    The Preferred Contractors policies contain the following other insurance provision:

**4.    Other Insurance**
If other valid and collectable insurance is available to the insured for a loss we cover under Coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:
**a.    Primary Insurance**

COMPLAINT FOR DECLARATORY RELIEF - **18**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by mater described in c. below.

**b.      Excess Insurance**

This insurance is excess over:

(**1**) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(**a**)  That is Fire, Extended coverage, Builders    Risk, Installation Risk or similar coverage for "your work";

(**b**)  That is fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(**c**)  That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(**d**)  If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to exclusion g. of section Coverage A – Bodily Injury and Property damage Liability.

(**2**) Any other primary insurance available to you covering liability for damages arising out of the premises or operating or the products and completed operations, for which you have been added as an additional; insured by attachment of endorsement.

When the insurance is excess, we will have no duty under Coverages **A** and **B** to defend the insured against any "suit" if any other insurer had a duty to defend the insured against any "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(**1**)      The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(**2**)      The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in the Excess Insurance provision and was not brought specifically to apply in excess of the Limits of Insurance shown in the Declaration of the Coverage Part.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

    c.      Method of sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it had paid its applicable limit of insurance or none of the loss remains, whichever comes first. If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's shar is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

40.       The Preferred Contractors policies contain the following endorsement:

**<u>ENDORSEMENT TO POLICY NO. 02</u>**
**<u>THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.</u>**
**<u>PREFERRED CONTRACTORS INSURANCE COMPANY</u>**
**<u>RISK RETENTION GROUP, LLC</u>**
**<u>COMMERCIAL GENERAL LIABILITY POLICY</u>**

**<u>DELETION OF CERTAIN COVERAGES</u>**
**<u>IN ISO COMMERCIAL GENERAL LIABILITY FORM</u>**
**<u>CG 00 01 12 04-(Manifestation)</u>**

The following coverages are hereby deleted and/or modified from the ISO Commercial General liability Form No. 00 01 12 04 and from the **Policy:**

Section I-Coverages-Coverage A Bodily Injury and Property Damage Liability (1)(b)(2) which states: "The 'bodily injury' or 'property damage' occurs during the policy period;" is hereby deleted and replaced by: "The 'bodily injury' or 'property damage' first manifests and appears during the **Term.** This coverage does not apply to any 'bodily injury' or 'property damage' that is continuous in nature, progressively deteriorating, results from repeated exposure to the same causal agent, and/or that first manifests prior to the Inception Date, even if such 'bodily injury' or 'property damage continues into the **Term,** and whether or not it's known to any insured.

## D.    <u>Tenders to Navigators and PCIC</u>

41.      Upon information and belief, Mitchell was informed of alleged construction defects at Westtown in or around February 21, 2018.

42.      Navigators evaluated its coverage obligations based upon the allegations in Westtown's ORS 701.565 Notice of Defects.

43.     On February 28, 2018, Navigators determined that based upon the allegations of the ORS 701.565 Notice of Defects, it had no obligation to defend or indemnify Mitchell.

44.     On August 8, 2018, Navigators was sent a copy of the complaint from Westtown and Notice of Intent to Default Mitchell.

45.     On September 12, 2018, Navigators advised Mitchell it would defend it against Westtown's claims in the Underlying Lawsuit subject to a reservation of rights.

46.     Upon information and belief, Mitchell also tendered a claim to PCIC for defense and indemnity with respect to Westtown's claim.

47.     On August 15, 2018, Preferred Contractors Insurance CO. RRG LLC (hereinafter "PCIC") issued a denial letter to Mitchell stating that Mitchell was not covered under the PCIC policy.

48.     On October 12, 2018, Mitchell re-tendered a claim for defense and indemnity to PCIC.

49.     Upon information and belief, PCIC has not responded to this tender.

**IV.     THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO NAVIGATORS COVERAGE OBLIGATIONS**

50.     Navigators reasserts paragraphs 1-49 as fully set forth herein.

51.     There is no coverage available to Mitchell under the Navigators Policy for the claims asserted against it in the Underlying Lawsuit.

52.     The Navigators Policy provides liability coverage for damages because of "property damage" which occurs during the policy period.  The "property damage" must also be caused by an "occurrence." "Property damage" is defined generally as "physical injury to tangible property or loss of use of tangible property that is not physically injured." "Occurrence is defined

COMPLAINT FOR DECLARATORY RELIEF - 21

general as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

53.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit occurred during the policy periods of the Navigators Policies.

54.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was caused by an "occurrence," as that term is defined in the Navigators Policies.

55.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit constituted "physical injury to tangible property or loss of use of tangible property that is not physically injured."

56.    The Navigator's Policy does not provide coverage for "property damage" when the insured had knowledge, in whole or in part, of the alleged property damage prior to the start of the policy period.

57.    There is an actual and justiciable controversy as to whether Navigators had knowledge, in whole or in part, of the alleged "property damage" prior to the start of the policy period.

58.    The Navigator's Policy does not provide coverage for "property damage" expected or intended from the standpoint of the insured.

59.    There is an actual and justiciable controversy as to whether Mitchell expected or intended the alleged "property damage."

60.    The Navigator's Policy does not provide coverage for liability assumed under a contract that does not qualify as an "insured contract."

COMPLAINT FOR DECLARATORY RELIEF - 22

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

61.     There is an actual and justiciable controversy as to whether Mitchell is liable for the claims alleged in the Underlying Lawsuit based on liability it assumed under a contract that does not qualify as an "insured contract," as that term is defined by the Navigators Policy.

62.     The Navigators Policy does not provide coverage for "property damage" to the particular part of real property in which the insured was operating and arising out of those operations.

63.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to the particular part of real property in which Mitchell was operating and arising out of those operations.

64.     The Navigators Policy does not provide coverage for "property damage" to the particular part of any property that must be restored, repaired or replaced because Mitchell's work was incorrectly performed on it.

65.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to a particular part of property that must be restored, repaired or replaced because Mitchell's work was incorrectly performed on it.

66.     The Navigators Policy does not provide coverage for "property damage" to Mitchell's "product" arising out of it or any part of it.

67.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to Mitchell's "product" arising out of it or any part of it.

68.     The Navigators Policy does not provide coverage for "property damage" to Mitchell's "work" arising out of it or any part of it and included in the "products-completed operations hazard."

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

69.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was property damage to Mitchell's "work" arising out of it or any part of it and included in the "products-completed operations hazard," as those terms are defined by the policies.

70.    The Navigators Policy does not provide coverage for "property damage" to "impaired property" arising out of a defective condition in Mitchell's "product" or "work" or a delay or failure by Mitchell to perform a contract or agreement in accordance with its terms.

71.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was property damage to "impaired property" arising out of a defective or dangerous condition in Mitchell's "product" or "work" or a delay or failure by Mitchell to perform a contract or agreement in accordance with its terms.

72.    The Navigators Policy does not provide coverage for any damages arising from the withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Mitchell's "work," Mitchell's "product" or "impaired property," if such product, work or property is withdrawn or recalled from the market or from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

73.    There is an actual and justiciable controversy as to whether the damages alleged in the Underlying Lawsuit arose from the withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Mitchell's "work," Mitchell's "product" or "impaired property," because such product, work or property was withdrawn or recalled from the market or from use due to a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

74.     The Navigators Policy does not provide coverage for "property damage" which has taken place or is in the process of taking place prior to the inception of a policy, even if the actual or alleged "property damage" continues during the policy period.

75.     There is an actual and justiciable controversy as to whether the alleged "property damage" was in the process of taking place or was alleged to have been taken place prior to the policy period.

76.     The Navigators Policy does not provide coverage for "property damage" which was caused or alleged to have been caused by the same condition or construction defect which resulted in "property damage" and which first existed prior to the inception date of the policy.

77.     There is an actual and justiciable controversy as to whether the alleged "property damage" was caused or alleged to have been cause by the same condition or construction defect which also resulted in "property damage" that existed prior to the inception date of the policy.

78.     The Mitchell Policy does not provide coverage for "property damage" arising out of the rendering or failure to render professional services.

79.     There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of professional services.

80.     The Navigators Policy does not provide coverage for "property damage" arising out of mold, mildew, bacteria, or fungi.

81.     There is an actual and justiciable controversy as to whether the alleged "property damage" arose out of mold, mildew, bacteria, or fungi.

82.     The Navigators Policy requires that an insured warrant that all contractors and subcontractors performing work on behalf of the insured (Independent Contractors) must maintain minimum limits and coverages and that Mitchell must be named as "additional insured" on the

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

required coverages. Mitchell is required to obtain certificates of insurance from all independent contractors performing work on behalf of Mitchell.

83.    There is an actual and justiciable controversy as to whether Mitchell obtained certificates of insurance from its independent contractors and whether the independent contractors maintained the necessary coverage.

84.    The Navigators Policy does not provide coverage for any claim for "property damage" arising out of "prior completed or abandoned work" including any work completed prior to the date shown in the schedule or abandoned by the insured prior to the date shown in the schedule.

85.    There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of prior completed or abandoned work.

86.    The Navigators Policy does not provide coverage for claims of "property damage" arising out of "designated work" including work done when the insured is working as "construction management for a fee."

87.    There is an actual and justiciable controversy as to whether any alleged "property damage" occurred while Mitchell was performing "construction management for a fee."

88.    The Navigators Policy does not provide coverage for claims arising out of the design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair of an "exterior insulation and finish system", including the application or use of conditioners, primers, accessories, flashings, coatings, caulking's or sealants in connection in such a system.

89.    There is an actual and justiciable controversy as to whether any alleged "property damage" arose of the design, manufacture, construction, fabrication, preparation, installation,

COMPLAINT FOR DECLARATORY RELIEF - 26

application, maintenance or repair of an "exterior insulation and finish system", including the application or use of conditioners, primers, accessories, flashings, coatings, caulking's or sealants in connection in such a system.

90.    The Navigators Policy is excess over valid and collectable insurance available to its insured.

91.    There is an actual and justiciable controversy as to whether the Navigators Policy is excess.

92.    The Navigators Policy does not provide coverage for claims of "property damage" arising out of "designated work" including work done when the insured is working as "construction management for a fee" or when the insured is working on "new construction of a dwelling", regardless of whether the dwelling is a custom home or the dwelling is built as part of a tract or a multi-dwelling development.

93.    There is an actual and justiciable controversy as to whether any alleged "property damage" occurred while Mitchell was performing "construction management for a fee" or performing work on "new construction of a dwelling."

94.    The Preferred Contractors policies are primary insurance according to the "other insurance" policy contained therein.

95.    There is an actual and justiciable controversy as to whether The Preferred Contractors policies render it the primary insurance.

96.    The Preferred Contractors Policies applies to any "property damage" that first manifests and appears during the policy term.

97.    There is an actual and justiciable controversy as to whether any "property damage" first manifested and appeared during the Preferred Contractors Policy terms.

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

## V.   FIRST CAUSE OF ACTION – DECLARATORY RELIEF
(Against Mitchell)

98.     Navigators reasserts paragraphs 1 - 97 as fully set forth herein.

99.     Actual and justiciable controversies exist as to whether any defense coverage is available to Mitchell under the Navigators Policy as set forth above.

100.    Navigators requests that the Court grant declaratory relief in favor of Navigators and enter a judicial determination that Navigators does not have an obligation to defend Mitchell in regard to the claims related to the Underlying Lawsuit.

101.     Actual and justiciable controversies exist as to whether any indemnity coverage is available to Mitchell under the Navigators Policy as set forth above.

102.    Navigators requests that the Court grant declaratory relief in favor of Navigators and enter a judicial determination that Navigators does not have an obligation to indemnify Mitchell in regard to the claims related to the Underlying Lawsuit.

## VI.   SECOND CAUSE OF ACTION – DECLARATORY RELIEF
(Against Preferred Contractors)

103.    Navigators reasserts paragraphs 1-102 as fully set forth herein.

104.    To the extent that Mitchell is entitled to coverage for either defense and/or indemnity under the Navigators Policy, there are actual and justiciable controversies as to whether that coverage is excess to the coverage available under the Preferred Contractors Policies.

105.    Navigators is entitled to Declaratory Judgment in its favor, specifically including a judicial determination that to the extent Mitchell is entitled to coverage, the Preferred Contractors Policies are the primary insurance for the Westtown project.

106.    Navigators is further entitled to Declaratory Judgment in its favor, specifically including a judicial determination that to the extent Mitchell is entitled to coverage, the Navigators

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

insurance policy is excess to the Preferred Contractors Policies in regard to the Westtown project.

## VII.    PRAYER FOR RELIEF

Navigators, having alleged the foregoing, does now, hereby, pray for relief as follows:

1.    For a declaration that Navigators owes no defense obligation to Mitchell for any claims asserted in the Underlying Lawsuit.

2.    For a declaration that Navigators owes no indemnity obligation to Mitchell for any claims asserted in the Underlying Lawsuit.

3.    For a declaration that any coverage for Mitchell under the Navigators Policy is excess to the Preferred Contractors Policies.

4.    For all interest allowed by law.

5.    For attorney fees and costs allowed by statute and law.

6.    For other and further relief as the Court deems just and equitable.


DATED this 10th day of April, 2019.


LETHER & ASSOCIATES, PLLC


*/s/ Thomas Lether*
Thomas Lether, OSB # 101708
*/s/ Eric J. Neal*
Eric J. Neal, OSB # 110268
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for Navigators Insurance Company*